IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Anjay Ravindrabhai Patel, #16285-084, | C/A No.: 1:16-1819-JMC-SVH |
| Petitioner, | |
| vs. | REPORT AND RECOMMENDATION |
| Warden, Satellite Prison Camp, Edgefield, South Carolina, | |
| Respondent. | |

Anjay Ravindrabhai Patel ("Petitioner"), proceeding pro se, is incarcerated at Federal Correctional Institution in Edgefield, South Carolina. He filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.), the undersigned is authorized to review such petitions and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends the district judge dismiss the petition in this case without requiring the respondent to file an answer.

I.    Factual and Procedural Background

Petitioner is serving an 84-month sentence imposed on August 29, 2013, in the United States District Court for the Western District of Virginia. [ECF No. 1 at 3]. Petitioner alleges the Federal Bureau of Prisons ("BOP") improperly calculated his sentence when it failed to give him credit for the 13 months he spent on home incarceration. [ECF Nos. 1 at 5; 1-2 at 2]. Petitioner admits he did not exhaust his

available administrative remedies, however he argues exhaustion of remedies "was not required and should be waived." [ECF Nos. 1 at 5; 1-2 at 3].

II.     Discussion

    A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of this petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court,[1] the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

---

[1] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. *See* Rule 1(b).

B.     Analysis

Petitioner filed this § 2241 petition challenging the calculation of his federal sentence. Although § 2241 does not contain a statutory exhaustion requirement, courts consistently require prisoners to exhaust their administrative remedies prior to seeking habeas review under § 2241. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490–91, (1973) (requiring exhaustion in 28 U.S.C. § 2241 matter); *McClung v. Shearin*, 90 F. App'x 444, 445 (4th Cir. 2004) ("Federal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions."). This requirement of exhaustion allows prison officials to develop a factual record and "an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." *Jones v. Bock*, 549 U.S. 199, 204 (2007).

Petitioner cites to *McClung v. Shearin*, 90 F. App'x 444 (4th Cir. 2004), and claims exhaustion in this case is "wholly unnecessary" because the BOP "has stated in its Program Statement and in other cases that it will not reconsider [Petitioner's] position." [ECF No. 1-2 at 3]. *McClung*, however, does not contain any language excusing a petitioner's failure to exhaust administrative remedies on account of an agency's unwillingness to alter its position. *Id.* Instead, *McClung* explains that a failure to exhaust administrative remedies "may only be excused upon a showing of cause and prejudice." *McClung,* 990 F. App'x 444, 445. Accordingly, Petitioner's belief concerning the likelihood of the result of his administrative remedies cannot excuse his acknowledged lack of exhaustion. *See*, *e.g., Torres v. Martinez*, C/A No. 3:09cv1070, 2009 WL 2487093, *4 (M.D. Pa. Aug. 12, 2009) ("Exhaustion of administrative remedies is not

rendered futile just because a prisoner anticipates he will be unsuccessful in his administrative appeals."). Therefore, Petitioner's § 2241 challenge to the calculation of his federal sentence is subject to summary dismissal for lack of exhaustion.

III.     Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the district judge dismiss the petition in the above-captioned matter without prejudice.

IT IS SO RECOMMENDED.

June 20, 2016                                             Shiva V. Hodges
Columbia, South Carolina                       United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).