**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION**

| | |
|---|---|
| Anjay Ravindrabhai Patel, #16285-084, )<br>)<br>Petitioner,                           )<br>)<br>v.                                                )<br>)<br>Warden, Satellite Prison Camp,        )<br>Edgefield, South Carolina,                )<br>)<br>Respondent.                          )<br>_____) | Civil Action No. 1:16-cv-1819-JMC<br><br><br>**ORDER AND OPINION** |

Anjay Ravindrabhai Patel ("Petitioner"), proceeding *pro se*, filed this instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Petitioner is currently incarcerated at the Federal Correctional Institution in Edgefield, South Carolina.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, the matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial handling. On June 20, 2016 the Magistrate Judge issued a Report and Recommendation ("Report") recommending that Petitioner's petition be dismissed without prejudice. (ECF No. 6.) The Report sets forth the relevant facts and legal standards, which the court incorporates herein without a recitation. On July 11, 2016, Petitioner filed objections to the Magistrate Judge's Report. (ECF No. 8.)

The Petitioner's Objections to the Magistrate Judge's Report and Recommendation were timely filed.[1] In his Objections, Petitioner contends that the Magistrate Judge erred in finding that

---

[1] The Petitioner had 14 days to file his objections to the Magistrate Judge's Report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Because Petitioner was served with the Report by mail, he had 17 days to file objections. *See* Fed. R. Civ. P. 6(a), (d). The Report was filed on June 20, 2016. (ECF No. 6.) Accordingly, Petitioner had until July 7, 2016 to file his objections. Petitioner's objections are dated July 6, 2016. (*See* ECF No. 8 at 4.) With no evidence indicating that Petitioner filed his objections on a later date, the court finds that his objections were timely.

1

his petition should be dismissed for failure to exhaust administrative remedies. (ECF No. 8 at 1.) First, Petitioner argues that the Magistrate Judge erred in finding that exhaustion of administrative remedies would not be futile. (*Id.* at 1.) Specifically, Petitioner argues that exhaustion requirements should be waived as futile because the Bureau of Prisons ("BOP") has adopted a clear and inflexible policy regarding its interpretation of a statute. (ECF No. 8 at 2); *see Fagiolo v. Smith*, 326 F. Supp. 2d 589, 590 (M.D. Pa. 2004). Next, Petitioner argues that exhaustion is not required because he is seeking judicial review of a "final agency action." (ECF No. 8 at 3). Lastly, Petitioner contends that administrative remedies will not address the injury that he has suffered; therefore, he should not be required to exhaust his administrative remedies. (*See id.* at 3–4.) Based on the court's reasoning and conclusion herein, the court finds it unnecessary to address Petitioner's argument challenging the Magistrate Judge's conclusion that Petitioner failed to exhaust his administrative remedies. Rather, the court **ACCEPTS** as **MODIFIED** the Magistrate Judge's Report (ECF No. 6) and **DISMISSES** the petition (ECF No. 1), but for reasons other than Petitioner's failure to exhaust his administrative remedies.

## I. LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Matthews v. Weber*, 423 U.S. 261, 270–71 (1976). This court is charged with making a de novo determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter with instructions. *See* 28 U.S.C. § 636 (b)(1). Objections to a Report and Recommendation must specifically identify

2

portions of the Report and the basis for those objections. Fed. R. Civ. P. 72(b). "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## II. ANALYSIS

The Magistrate Judge recommended that the court dismiss the instant petition for failure to exhaust administrative remedies and, in his Objections, the Petitioner has presented various arguments to show that he was not required to exhaust his administrative remedies. However, the court does not reach the issue of exhaustion of administrative remedies and instead decides this petition on the merits.

Petitioner argues that the BOP improperly calculated his sentence when it failed to give him credit for the 13 months he spent on home confinement while released on bail. (ECF No. 1 at 5; ECF No. 1-2 at 2.) Petitioner argues that his case is not controlled by *Reno v. Koray*, 515 U.S. 50 (1995). Specifically, he contends that *Koray* held that only certain restrictive conditions of pretrial release could not be credited toward time served under 18 U.S.C. § 3585(b). (ECF No. 1-2, at 2.)[2] Accordingly, Petitioner argues that home confinement imposed as a condition of pretrial release falls outside the Court's holding in *Koray*. (*See id.*) Furthermore, Petitioner argues that the failure to credit his time spent on home confinement pending trial violates the Double Jeopardy Clause of the Constitution and constitutional due process. (*See id.* at 7–10.) Additionally, Petitioner claims that the court's imposition of home confinement as a condition of his pretrial release

---

[2] Petitioner additionally argues that the BOP "stretched *Koray* beyond its reach" by not allowing home confinement imposed as a restrictive condition of pretrial release to be creditable as time served under § 3585(b). (ECF No. 1-2 at 2).

3

violated separation of powers. (*See id*. at 10–11.)[3] Lastly, Petitioner claims that failing to award sentencing credit to those who are subject to home confinement as a condition of their pretrial release is a violation of the Equal Protection Clause. (*See id*. at 12–13.)

Section 3585 states that "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in *official detention* prior to the date the sentence commences." (emphasis added). The Supreme Court has held that "official detention" under § 3585(b) refers to a "court order detaining a defendant and committing him to the custody of the Attorney General for confinement." *Koray*, 515 U.S. at 56 (adopting the government's interpretation of § 3585(b)). Furthermore, the Court held that "credit for time spent in 'official detention' under § 3585(b) is available only to those defendants who were detained in a 'penal or correctional facility' and who were subject to BOP's control." *Id.* at 58 (internal citation omitted); *see United States. v. Stubbs*, 153 F.3d 724, at *1 n.1 (4th Cir. 1998) (unpublished). Additionally, it has been held that home confinement imposed as a condition of bail is not "official detention" under § 3585(b); therefore, it does not warrant credit for time served. *See e.g.*, *United States v. Piper*, 525 F. App'x 205, 209–10 (3d Cir. 2013); *United States v. Anderson*, 517 F. App'x 772, 776 (11th Cir. 2013) (citing *Rodriguez v. Lamer*, 60 F.3d 745, 748 (11th Cir. 1995)).[4]

---

[3] Petitioner essentially argues that the BOP and the court committed a violation of separation of powers because Congress did not authorize the courts to impose home confinement as a condition of pretrial release. (ECF No. 1-2 at 10–11.) Specifically, Petitioner contends that 18 U.S.C. § 3141(c) does not authorize imposing home confinement as a condition of pretrial release. (*Id.* at 4.) However, this argument is without merit because the list of conditions in § 3141(c) is not exhaustive. Specifically, § 3141(c)(xiv) states that the court can impose "any other condition that is reasonably necessary to assure the appearance of the person as required and to assure the safety of any other person and the community." Therefore, a court does not exceed its authority in imposing house arrest as a condition of pretrial release.

[4] Petitioner references *United States v. Londoño–Cardona*, 759 F. Supp. 60 (D.P.R. 1991), *abrogated by United States v. Zackular*, 945 F.2d 423, 425 n.2 (1st Cir.1991), in support of his

4

Petitioner is not entitled to sentencing credit for the time he spent on home confinement as a condition of his pretrial release. Here, Petitioner was placed on home confinement as a condition of his release. This is not "official detention" under § 3585(b) because Petitioner was not detained in a penal or correctional facility, but was instead confined to his home.[5] Because Petitioner was not subject to "official detention" prior to sentencing, he cannot receive sentence credit for time served.

Petitioner's claim that failure to credit his time spent on home confinement pending trial violates the Double Jeopardy clause is without merit. "The constitutional prohibition of double jeopardy has been held to consist of three separate guarantees: (1) It protects against a second prosecution for the same offense after acquittal. (2) It protects against a second prosecution for the same offense after conviction. (3) And it protects against multiple punishments for the same offense." *Illinois v. Vitale*, 447 U.S. 410, 415 (1980) (internal quotation marks omitted) (quoting *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969)). However, Petitioner fails to cite any authority supporting a claim that restrictive conditions on bail constitute "punishment" for purposes of a double jeopardy violation. Instead, the purpose of bail, and any conditions placed on it, is to ensure a defendant's appearance at trial, and in some cases to protect the safety of other persons and the community. *See* 18 U.S.C. § 3142(c). The conditions of Petitioner's pretrial

---

claim that he should receive credit for home confinement imposed as a condition of his pretrial release. However, *Londoño–Cardona* predates *Koray* and is no longer good law.

[5] Petitioner essentially argues that home confinement in his case arose to official detention due to the additional restrictions imposed, such as "24-hour-a-day lockdown". (ECF No. 1-2 at 14). However, the Court in *Koray* rejected the "jail-type confinement" test which would have allowed courts to analyze whether certain restrictive conditions on bail qualified as "jail-type confinement" amounting to "official detainment" under § 3585(b). *See Koray*, 515 U.S. at 54, 64. Instead, the Court held that credit for time spent in "official detention" under § 3585(b) is only available to defendants who were detained in a penal or correctional facility and were subject to the BOP's control. *Id.* at 58.

5

release, including home confinement, were not punitive, but were instead imposed on Petitioner to ensure his appearance at trial and to ensure the safety of the community. Thus, the conditions of Petitioner's pretrial release were not punishment for the purpose of double jeopardy.

Petitioner's claim that failure to award him sentencing credit for his time spent on house arrest violates due process is also without merit. Under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Hill v. Nicodemus*, 979 F.2d 987, 991 (4th Cir. 1992). "In order to establish that a particular condition or restriction of detention constitutes constitutionally impermissible 'punishment' a detainee must show either 1) an 'expressed intent' to punish or 2) a lack of a reasonable relationship 'to a legitimate nonpunitive governmental objective, from which a punitive intent may be inferred.'" *Hill*, 979 F.2d at 991 (citing *Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988)); *see also Bell*, 441 U.S. at 538–40. Here, Petitioner argues that his pretrial release condition of home confinement amounts to punishment in violation of his due process rights. However, Petitioner cites no authority supporting his implicit proposition that *Bell* and its progeny, which addressed pretrial detainees, applies to pretrial defendants released on bail with restrictive conditions. Assuming that *Bell* does apply to pretrial defendants on bail with restrictive conditions, Petitioner's conditions on his pretrial release did not amount to punishment. First, Petitioner offers no evidence that his conditions were intended to punish him.[6] Additionally, conditions imposed on Petitioner's pretrial release were reasonably related to legitimate nonpunitive governmental objectives, here the assurance of Petitioner's appearance at trial and the

---

[6] Instead, Petitioner only states that the intent to punish could be inferred because the conditions prevented him from being able "to earn an income, move freely, or function." (ECF No. 1-2 at 9.)

safety of others and the community. Therefore, even if *Bell* applies to pretrial defendants on bail with restrictive conditions, Petitioner's due process argument is without merit.

Lastly, Petitioner claims that by disallowing credit for time spent on home confinement to presentenced offenders, as opposed to pretrial detainees and those "who are subject to less strict detention at the conclusion of their sentence," violates his rights under the Equal Protection Clause. (ECF No. 1-2 at 13.) The Equal Protection Clause essentially requires that all similarly situated persons be treated alike. *City of Cleburne v. Cleburne Living Ctr.,* 473 U.S. 432, 439 (1985). A pretrial detainee, however, is not similarly situated to a sentenced prisoner. *See Cucciniello v. Keller,* 137 F.3d 721, 723 (2d Cir. 1998). Moreover, it cannot be said that a person released on bail with restrictive conditions, such as home confinement, is similarly situated to a pretrial detainee. Unlike, a pretrial detainee, Petitioner was not detained in a penal or correctional facility, and he was not subject to the control of the BOP. *See Koray*, 515 U.S. at 58. Therefore, Petitioner's equal protection argument is without merit.

### III. CONCLUSION

For the foregoing reasons, the court declines to accept the Magistrate Judge's conclusion that Petitioner failed to exhaust his administrative remedies but **ACCEPTS** the Magistrate Judge's Report (ECF No. 6) insofar as it recommends dismissal of the petition. The court, however, **MODIFIES** the Report to reflect that dismissal is with prejudice. Having decided the matter on other grounds, Petitioner's petition (ECF No. 1) is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

*J. Michelle Childs*

United States District Judge

March 1, 2017
Columbia, South Carolina

7